UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMERICAN PROCESS EQUIPMENT COMPANY, INC.<br><br>Plaintiff,<br><br>v.<br><br>ATLANTIC MUTUAL INSURANCE COMPANIES<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

MAGISTRATE JUDGE Dein
Civil Action No.

RECEIPT # 60581
AMOUNT $150
SUMMONS ISSUED ✓/A
LOCAL RULE 4.1 ✓
WAIVER FORM ✓
MCF ISSUED
BY DPTY. CLK. TUM
DATE 12/7/04

## NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

PLEASE TAKE NOTICE that the defendant, Atlantic Mutual Insurance Company ("Atlantic Mutual"), incorrectly named "Atlantic Mutual Insurance Companies" in the Complaint, hereby removes to this Court the state court action described below.

1.  On or about November 11, 2004, the plaintiff, American Process Equipment Company, Inc. ("APEC"), filed a Complaint and Jury Demand in the District Court of the Commonwealth of Massachusetts, entitled <u>American Process Equipment Company, Inc. v. Atlantic Mutual Insurance Companies</u>, Civil Action No. 04-58CV0708 (the "State Court Action").

2.  Plaintiff APEC attempted to make service on Atlantic Mutual by sending a copy of the Summons and Complaint to an employee of Defendant Atlantic Mutual by certified mail, which copies were received by the Atlantic Mutual employee on November 17, 2004. Atlantic Mutual reserves the right to assert insufficiency of service of process as a defense to this action.

BOST1-844392-1

3. On information and belief, Plaintiff APEC is a Massachusetts corporation with an office located at 526 South Avenue in Weston, Massachusetts.

4. Defendant Atlantic Mutual is a New York corporation with a principal place of business at 140 Broadway, New York, New York.

5. The State Court Action arises from an insurance coverage dispute between APEC and Atlantic Mutual. APEC alleges that on September 25, 2002 certain pieces of its business equipment, specifically, a Vera-Table Rotary Table Setco and Control Cabinet, suffered damage in transit. APEC has alleged damage to the equipment totaling between approximately $116,000 and $250,000. APEC claims that it is entitled to coverage for these alleged losses under an insurance policy Atlantic Mutual issued to APEC.

6. Based on the allegations set forth in the Complaint, the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. This action is removable under 28 U.S.C. §1441(a) as the action is between citizens of different states, the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and thus this Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1332(a)(1).

8. This District embraces the State Court Action in which APEC and Atlantic Mutual are parties.

9. No trial has occurred in the State Court Action.

10. The State Court Action does not fall within any class of actions which, under applicable rules, laws, or statutes, is prevented from or limited in the right of removal.

11. This Notice of Removal is being filed within thirty days after receipt by Atlantic Mutual of a copy of the initial pleading setting forth the claim for relief upon which this action is based.

12. Notice of the filing of this Notice of Removal is being given to all parties in the State Court Action by filing a Notice of Filing Notice of Removal of Action in Federal Court in the State Court Action and by service upon all parties in accordance with applicable law.

13. A copy of APEC's Complaint and Jury Demand is attached hereto at Exhibit A, and a copy of the summons and return of service are attached hereto as Exhibit B.

14. Atlantic Mutual reserves the right to raise all defenses and objections in this matter after the action is removed to this Court.

> DEFENDANT,
> ATLANTIC MUTUAL INSURANCE COMPANIES,
> By its attorneys,
>
> _____
> John E. Tener, BBO # 563791
> John R. Bauer, BBO # 630742
> **ROBINSON & COLE LLP**
> One Boston Place
> Boston, MA 02108-4404
> (617) 557-5900

Dated: December 6, 2004

3

## CERTIFICATE OF SERVICE

I, John R. Bauer, hereby certify that on this 6th day of December, 2004, I served a true copy of the foregoing document via first-class mail, postage prepaid, upon the following:

Noah Rosmarin, Esq.
Adkins, Kelston & Zavez, P.C.
90 Canal Street
Fifth Floor
Boston, MA 02114

_____
John R. Bauer

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS  HINGHAM DISTRICT COURT
CIVIL DOCKET NO.

04-58CV0708

AMERICAN PROCESS EQUIPMENT )
COMPANY, INC. )
 )
Plaintiff, )
 )
v. )
 )
ATLANTIC MUTUAL INSURANCE )
COMPANIES )
 )
Defendant. )

## COMPLAINT AND JURY DEMAND

### INTRODUCTION

1. In this Complaint, the plaintiff seeks damages ~~and declaratory judgment~~ against Atlantic Mutual Insurance Companies ("Atlantic Mutual") relative to plaintiff's claim that it suffered an insurable loss, which is covered by its policy of insurance with Atlantic Mutual. APEC has submitted timely claims for property damage to its equipment and business interruption and it has cooperated with Atlantic Mutual's investigation, if any, pursuant to the policy

### PARTIES

2. The Plaintiff, American Process Equipment Company, Inc. ("APEC") is a Massachusetts corporation. At times material to this lawsuit, APEC's

principal place of business was 295 Lincoln Street, Hingham, Massachusetts.

3. Atlantic Mutual is a corporation duly formed and licensed to engage in the insurance business in this Commonwealth and has a usual place of business in, upon information and belief, Melville, New Jersey.

## FACTS

4. APEC is an engineering business that specializes in the development and manufacturing of complex energy-related equipment including, *inter alia*, parts used for the construction of nuclear power plants. APEC utilizes large, sophisticated and expensive equipment in all aspects of its business. In or around late September 2002 and on diver dates thereafter, APEC's business equipment, specifically a Vera-Table Rotary Table Setco And Control Cabinet was damaged in transit. APEC has submitted a written claim to Atlantic Mutual pursuant to its policy of insurance with Atlantic Mutual (the "Policy").

5. The Policy provides coverage for the property damage and business interruption loss claimed herein, and APEC is entitled to available insurance proceeds to compensate it for its damages.

## COUNT I: BREACH OF CONTRACT

6. Plaintiff realleges and incorporates paragraphs 1 through 5 above.

7. Atlantic Mutual has breached its contract with plaintiff, entitling plaintiff to compensation for its damages related thereto.

8. As a direct and proximate result of defendant's breach of contract,

plaintiff has been caused to suffer economic harm to be determined at trial.

WHEREFORE, the plaintiff prays by way of this Complaint for the following relief:

(i) award, on Count I, judgment to plaintiff and against Atlantic Mutual and award plaintiff its damages, statutory interest, attorneys' fees and costs; and

(ii) award such other and further relief to plaintiffs-in-counterclaim as this Court deems just and equitable.

**PLAINTIFF DEMAND A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

Respectfully submitted,

American Process Equipment Company, Inc.,

By its attorneys,

David L. Kelston, BBO #267310
Noah Rosmarin, BBO #630632
Adkins, Kelston & Zavez, P.C.
90 Canal Street, Fifth Floor
Boston, MA 02214
(617) 367-1040

Dated: November 11, 2004

3

# Trial Court of the Commonwealth of Massachusetts

PLYMOUTH, SS.

DISTRICT COURT DEPARTMENT
HINGHAM DIVISION

American Process Equipment COmpany, Inc.

v.

Atlantic Mutual Insurance Companies

Civil Action No. 04-58 CV 0708

## SUMMONS
(Rule 4)

To defendant **Atlantic Mutual Insurance COmpanies** **Melville, New Jersey**
                     (name)                                                    (address)

You are hereby summoned and required to serve upon **Noah Rosmarin**_____, plaintiff('s attorney), whose address is **90 Canal St., 5th Fl., Boston, MA 02114**, a copy of your answer to the complaint which is herewith served upon you, within 20 days after service of this summons, exclusive of the day of service. You are also required to file your answer to the complaint in the office of the Clerk of this court either before service upon plaintiff('s attorney), or within 5 days thereafter. If you fail to meet the above requirements, judgment by default may be rendered against you for the relief demanded in the complaint. You need not appear personally in court to answer the complaint.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will be barred from making such claim in any other action.

WITNESS PATRICK J. HURLEY ~~GERALD F. O'NEIL~~ , First Justice, on 11/12/04
                                                                                                    (date)

Clerk-Magistrate

Note: (1) When more than one defendant is involved, the names of all defendants should appear in the action. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
(2) The number assigned to the complaint by the Clerk at commencement of the action should be affixed to the summons before it is served.

### RETURN OF SERVICE

On _____ 19____ , I served a copy of the within summons, together with a copy of the
    (date of service)
complaint in this action, upon the within named defendant, in the following manner (see Rule 4 (d) (1-5)):

_____
(signature)

_____
(name and title)

_____
(address)

Note: (1) The person serving the process shall make proof of service thereof in writing to the court and to the party or his attorney, as the case may be, who has requested such service. Proof of service shall be made promptly and in any event within the same time during which the person served must respond to the process. Rule 4(f).
(2) Please place date you make service on defendant in the box on the copy served on the defendant, on the original returned to the court and on the copy returned to the person requesting service or his attorney.
(3) If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last and usual place of abode, and shall set forth in the return the date of mailing and the address to which the summons was sent (G.L. c. 223, sec. 31).

This form prescribed by the Chief Justice of the District Courts

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)    American Process Equipment Company, Inc. v. Atlantic Mutual Insurance Company.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ___  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ___  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
                740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

    _X_  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                380, 385, 450, 891.

    ___  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                690, 810, 861-865, 870, 871, 875, 900.

    ___  V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    American Process Equipment Company, Inc. v. Atlantic Mutual Insurance Company, 04-10736 (NMG)

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                                                    YES ☐    NO  X

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
                                                                                    YES ☐    NO  X

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                                                    YES ☐    NO  ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                                                    YES ☐    NO  X

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
                                                                                    YES  X   NO  ☐

    A.  If yes, in which division do all of the non-governmental parties reside?
        Eastern Division   X            Central Division  ☐            Western Division  ☐

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
        Eastern Division   ☐            Central Division  ☐            Western Division  ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
                                                                                    YES ☐    NO  X

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   John R. Bauer, Esq.
ADDRESS  Robinson & Cole LLP, One Boston Place, Boston, Massachusetts 02108
TELEPHONE NO. (617) 557-5936

(Coversheetlocal[1].wpd - 10/17/02)

≥JS 44  (Rev. 3/99) CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
AMERICAN PROCESS EQUIPMENT COMPANY, INC.

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Noah Rosmarin, Esq.  (617)367-1040
Adkins, Kelston & Zavez, P.C.
90 Canal Street, Fifth Floor
Boston, MA 02114

### DEFENDANTS
ATLANTIC MUTUAL INSURANCE COMPANIES

County of Residence of First Listed    New York County, NY
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)  (617) 557-5900
John E. Tener, John R. Bauer
Robinson & Cole, LLP
One Boston Place, Boston, MA 02108-4404

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury—Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending |  LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS |  | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property |  / ☐ 550 Civil Rights |  |  |  |
|  | / ☐ 555 Prison Condition |  |  |  |

### V. ORIGIN  (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Breach of Contract

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23     DEMAND $ _____     CHECK YES only if demanded in complaint:   JURY DEMAND:  ☒ Yes   ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE  N. Gorton     DOCKET NUMBER 04-10736 (NMG)

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

FOR OFFICE USE ONLY
RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____