**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

---

|  |  |  |
|---|---|---|
| ) | | |
| **AMERICAN PROCESS EQUIPMENT** ) | | |
| **COMPANY, INC.,** ) | | |
| ) | | |
| **Plaintiff,** ) | | |
| ) | | |
| ) | | |
| **v.** ) | **Civil Action No. 1:04-cv-12559-NMG** | |
| ) | | |
| ) | | |
| **ATLANTIC MUTUAL INSURANCE** ) | | |
| **COMPANIES,** ) | | |
| ) | | |
| **Defendant.** ) | | |
| ) | | |

---

**ATLANTIC MUTUAL INSURANCE COMPANY'S ANSWER TO THE COMPLAINT**

Atlantic Mutual Insurance Company (incorrectly identified in the Complaint as "Atlantic Mutual Insurance Companies" and referred to herein as "Atlantic Mutual") for its Answer to the Complaint of American Process Equipment Company, Inc. ("APEC") states as follows:

1.      Insofar as the allegations in Paragraph 1 merely purport to characterize the cause of action set forth in the Complaint no response is required.  To the extent an answer is required, Atlantic Mutual admits that APEC made an insurance claim alleging a loss that purportedly occurred on or about September 25, 2002, and that it has not paid the claim as no amounts are owed to APEC.  Atlantic Mutual denies the remaining allegations in Paragraph 1, and denies that it owes any amounts to APEC.

**PARTIES**

2.      Atlantic Mutual is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 2 of the Complaint.

3.    Atlantic Mutual admits that it is a corporation duly formed and licensed to engage in the insurance business in the Commonwealth of Massachusetts.  Atlantic Mutual further states that it has its principal place of business at 140 Broadway, New York, New York.  Atlantic Mutual denies the remaining allegations in Paragraph 3 of the Complaint.

## FACTS

4.    Atlantic Mutual admits that APEC submitted a written claim alleging losses in excess of $116,000 in connection with purported damage to a Vera-Table Rotary Table Setco and Control Cabinet purportedly owned by APEC.  Atlantic Mutual denies that any amounts are owed to APEC in connection with its insurance claim, and further states that it is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 4 of the Complaint.

5.    Atlantic Mutual denies the allegations contained in Paragraph 5 of the Complaint.

## COUNT I: BREACH OF CONTRACT

6.    Atlantic Mutual repeats the responses set forth in Paragraphs 1 through 5 above and incorporates them by reference as though fully set forth herein.

7.    Atlantic Mutual denies the allegations contained in Paragraph 7 of the Complaint.

8.    Atlantic Mutual denies the allegations contained in Paragraph 8 of the Complaint.

## AFFIRMATIVE DEFENSES

For its Affirmative Defenses Atlantic Mutual states as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims fail to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover under the Atlantic Mutual policy because it breached material terms and conditions of the policy.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover under the Atlantic Mutual policy because, to the extent there was a covered loss, other valid and collectible insurance is available to Plaintiff for the loss.

**WHEREFORE**, Atlantic Mutual respectfully requests the Court to

1.    Enter judgment in favor of Atlantic Mutual on Count I of Plaintiff's complaint;

2.    Award Atlantic Mutual its costs and reasonable attorneys' fees;  and

3.    Award Atlantic Mutual such other relief as the Court may deem just and appropriate.

## DEFENDANT'S JURY CLAIM

THE DEFENDANT, ATLANTIC MUTUAL, DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

**DEFENDANT,**
**ATLANTIC MUTUAL INSURANCE**
**COMPANY,**
By its attorneys,


/s/  John R. Bauer_____
John E. Tener, BBO # 563791
John R. Bauer, BBO # 640742
**ROBINSON & COLE LLP**
One Boston Place
Boston, MA  02108-4404
(617) 557-5900

Dated: December 8, 2004